# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| MICHAEL NEWTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:07CV00052 LMB |
| ) | |
| DOLGENCORP, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the court on the Petition of Plaintiff Michael Newton, originally filed in the Circuit Court of New Madrid County, Missouri, alleging personal injury claims against Defendant Dolgencorp, Inc. This case has been assigned to the undersigned United States Magistrate Judge pursuant to the Civil Justice Reform Act and is being heard by consent of the parties. See 28 U.S.C. § 636(c). Presently pending before the court is Defendant Dolgencorp, Inc.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction. (Document Number 24).

### Background

In his Petition, plaintiff states that on or about March 5, 2002, he was employed by Drivers Management, Inc. ("DMI") driving a tractor-trailer for Werner Enterprises Inc. Plaintiff alleges that, on March 4, 2002, he was dispatched by Werner to pick up a loaded trailer from Dollar General Stores, Fulton Distribution Center in Fulton, Missouri and deliver the trailer to a Dollar General store in New Madrid, Missouri. Plaintiff states that on March 5, 2002, he arrived at the Dollar General store in New Madrid and backed the trailer as close as possible to the store's back door as instructed by defendant's store manger. Plaintiff alleges that when

- 1 -

defendant's store manager broke the seal on the trailer doors to open the door, and upon the manager unlocking the trailer door, the load, which had shifted in transit, forced open the right side trailer door, throwing the door toward plaintiff and causing the contents of the trailer to fall out of the trailer onto plaintiff. Plaintiff contends that as a result of defendant's actions, he sustained severe and permanent injuries, which required surgical and medical care and treatment.

**Discussion**

In its Motion to Dismiss, defendant argues that plaintiff's Complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction because plaintiff was a "statutory employee" of the defendant, and plaintiff's claims are, therefore, barred by the exclusive remedy of the Missouri Workers' Compensation statute. Plaintiff has filed a Response to defendant's motion, in which he contends that he was not a statutory employee of defendant.

Motions to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) generally take one of two forms: (1) a "facial attack" on the sufficiency of the allegation of subject matter jurisdiction in the complaint; or (2) a "factual attack" on the underlying facts upon which subject matter jurisdiction is allegedly based. Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th Cir. 1990). Where a defendant mounts a "factual attack" on the plaintiff's complaint, "the court considers matters outside the pleadings and the non-moving party does not have the benefit of 12(b)(6) safeguards" in that the court may not presume the factual allegations in the plaintiff's complaint are true. Id. As the party asserting subject matter jurisdiction, the plaintiff bears the burden of establishing the existence of such jurisdiction. See

Devine v. Stone, Leyton & Gershman, P.C., 100 F.3d 78, 82 (8th Cir. 1996).

The issue presented by the instant motion is whether plaintiff worked as defendant's statutory employee, within the meaning of Section 287.040, Missouri Revised Statutes. The statute defines a statutory employer as follows:

> Any person who has work done under contract on or about his premises which is an operation of the usual business which he there carries on shall be deemed an employer and shall be liable under this chapter to such contractor, his subcontractors, and their employees, when injured or killed on or about the premises of the employer while doing work which is in the usual course of his business.

Mo. Rev. Stat. § 287.040.1.

The statute establishes a constructive employment relationship in order to extend coverage under the Missouri Workers Compensation Law to employers who have work done by contract. McGuire v. Tenneco, Inc., 756 S.W.2d 532, 534 (Mo. 1988) (en banc). "Its purpose is to prevent an employer from evading workmen's compensation liability by hiring independent contractors to perform the usual and ordinary work which his own employees would otherwise perform." Id. (quotation and citation omitted). "In applying § 287.040.1, each case must be determined on its own facts and the court must recognize the real roles and relationships of the parties as they relate to the purpose of the statute." DuBose v. Flightsafety Int'l, Inc., 824 S.W.2d 486, 489 (Mo. App. E.D. 1992) (citation omitted).

Under the statute, statutory employment exists when three elements are present: "(1) the work is performed pursuant to a contract; (2) the injury occurs on or about the premises of the alleged statutory employer; and (3) the work is in the usual course of business of the alleged statutory employer." Bass v. National Super Markets, Inc., 911 S.W.2d 617, 619-20 (Mo. 1995)

(en banc) cert. denied, 517 U.S. 1208 (1996) (citing McGuire v. Tenneco, Inc., 756 S.W.2d 532, 534 (Mo. 1988) (en banc)).

"A motion to dismiss for lack of subject matter jurisdiction is the proper method to raise a workers' compensation exclusivity defense." Murry v. Mercantile Bank, N.A., 34 S.W.3d 193, 195 (citation omitted). "The motion to dismiss should be granted where it appears, by a preponderance of the evidence, that the trial court lacks subject matter jurisdiction because of workers' compensation exclusivity." Id. The burden of proof is on the party alleging that jurisdiction is lacking, although a high quantity of proof is not required. Id. The Missouri Supreme Court has stated that courts must give the Workers' Compensation Law "a liberal reading, deciding close cases in favor of workers' compensation coverage." Bass, 911 S.W.2d at 621. Therefore, "where a question of jurisdiction is in doubt, it should be held to be in favor of the Labor and Industrial Relations Commission." Murry, 34 S.W.3d at 195.

Defendant contends that all three statutory elements are met, and therefore the court lacks jurisdiction over this case. Plaintiff challenges the existence of each element.

**1.      Work Being Performed Pursuant to a Contract**

The first element of statutory employment requires that the work was being performed pursuant to a contract. Plaintiff argues that there is no evidence showing that plaintiff was working for defendant under a contract of hire. Plaintiff contends that he worked for DMI as a truck driver for Werner and that Werner had a transportation contract with a subsidiary of defendant. Defendant argues that substantial evidence exists that plaintiff was working for defendant under a contract for hire. Specifically, defendant contends that defendant exercised substantial control over the Werner drivers delivering to its stores pursuant to the written

Transportation and Delivery Agreement.

Both parties cite <u>Martinez v. Nationwide Paper</u>, 211 S.W.3d 111 (Mo. Ct. App. 2006) in support of their respective positions. In <u>Martinez</u>, the Missouri Court of Appeals held that the plaintiff was not a statutory employee of a paper products distributor when the distributor had entered into a contract with the supplier to purchase paper products, the supplier entered into a separate contract with a common carrier to transport and unload the paper products at distributor's warehouse, and the common carrier hired plaintiff to unload the products at the warehouse. 211 S.W.3d at 116. The distributor was not involved in the supplier's contract with the common carrier and the distributor had never been involved in the transportation or unloading of the paper products at its warehouse. <u>Id.</u>

As defendant points out, in <u>Collins v. Central Transport, Inc.</u>, 2007 WL 1125701 (E.D. Mo. April 16, 2007), this court[1] held that the defendant was plaintiff's statutory employer under similar facts. In that case, the plaintiff, a tractor-trailer driver hired by a trucking company, was injured when merchandise fell on him after he opened the trailer. <u>See id.</u> at *1. Plaintiff filed suit against the company from whose docks he had picked up the load and where the injury occurred. <u>Id.</u> The court found that the defendant routinely dispatched loads by an oral agreement with his employer, which was sufficient to establish a contract between plaintiff and defendant for the purpose of statutory employment. <u>Id.</u> at *4.

In this case, unlike in <u>Martinez</u>, Dollar General contracted directly with Werner to deliver and unload merchandise at the Dollar General store. Under the written Transportation and Delivery Agreement ("Agreement"), Werner drivers were required to take direction from D.G.

---

[1]The Honorable Frederick R. Buckles, United States Magistrate Judge.

Logistics, Inc., a Dolgencorp, Inc. subsidiary.  <u>See</u> Def's Ex. B.1.  The Agreement included the following provisions: the driver was limited to hauling Dollar General property to and from the warehouse, from store to store, and as defendant otherwise required; drivers were not permitted to transport goods within the trailers for other clients; drivers were required to maintain defendant's trailers; drivers were required to accept and follow instructions as to loads, destinations, backhauls, routing and other instructions necessary for defendant's distribution of goods; and drivers were required to help unload the contents of defendant's trailers.  <u>Id.</u>  The Agreement reveals that defendant contracted with Werner for services and that defendant exhibited significant control over the performance of those services.  Plaintiff was unloading a trailer at a Dollar General store pursuant to the Agreement at the time of his injury.  As such, the first element of statutory employment is met.

**2.     Injury Occurring on the Premises of Statutory Employer**

The second element of statutory employment is that the injury occurs on or about the premises of the alleged statutory employer.  Plaintiff argues that he was not performing work on defendant's premises because defendant has not shown that it was in "exclusive possession or control" of the premises where the accident occurred.  Defendant contends that the accident occurred on defendant's premises in defendant's exclusive possession and control.

In his Petition, plaintiff alleges that the accident occurred after he arrived at the New Madrid Dollar General store and backed a trailer "as close as possible to the store's back door." Petition at ¶8.  Defendant has submitted the Affidavit of former New Madrid Dollar General store employee Purity Chism, who testified that the back door area of the store was a place where only employees were allowed to be.  Def's Ex. C, Affidavit of Purity Chism, ¶ 4.  Ms. Chism stated

that the deliveries always took place at the back door of the New Madrid store. Id. The undersigned, therefore, finds that the injury occurred on or about the premises of defendant.

**3.     Usual Course of Defendant's Business**

The third and final element of statutory employment is that the work plaintiff was performing when the injury occurred is in the usual course of business of the alleged statutory employer. Plaintiff argues that defendant is unable to establish this element because it has failed to show that it would hire permanent employees in the absence of any agreement between DG Logistics, LLC and Werner. Defendant contends that defendant was injured while unloading a trailer, a task that defendant's employees engage in daily.

A putative employer's "usual business" as used in Section 287.040 are those activities (1) that are routinely done (2) on a regular and frequent schedule (3) contemplated in the agreement between the independent contractor and the statutory employer to be repeated over a relatively short span of time (4) the performance of which would require the statutory employer to hire permanent employees absent the agreement. Bass, 911 S.W.2d at 621; State ex rel. MSX Int'l., Inc. v. Dolan, 38 S.W.3d 427, 429 (Mo. banc 2001). Since Bass, courts place much less emphasis on the nature of the work than the nature of the agreement and the time frame under which it was performed. Richter v. Union Pacific R. Co., 265 S.W.3d 294, 302 (Mo. Ct. App. 2008).

Plaintiff contends that defendant has not shown that it would hire permanent employees in the absence of the Agreement because neither Dolgencorp nor DG Logistics, LLC is registered as a motor private carrier. Plaintiff argues that defendant was, therefore, incapable of hiring permanent employees to perform the work performed by Werner Enterprise drivers in the absence

of the Agreement.

The fact that defendant was not a registered motor carrier does not prevent a finding that defendant was plaintiff's statutory employer. See Heller v. Aldi, Inc., 851 S.W.2d 82 (Mo. Ct. App. 1993). In Heller, the plaintiff, a truck driver for a common carrier, was injured at the defendant's grocery store while making a delivery. The Court found that there was "ample evidence" that plaintiff's activities at the time he was injured were in the usual course of defendant's business when the plaintiff's employer used the defendant's trailers to haul the defendant's grocery products from the defendant's warehouse, the defendant's employees assisted with the unloading of trailers at each store during business hours, plaintiff's employer made deliveries three to four times a week to defendant's store, and approximately ten years prior the defendant had delivered its own merchandise. Id. at 85.

The undersigned finds that plaintiff's activities at the time he was injured were in the usual course of defendant's business. Plaintiff was injured when unloading boxes pursuant to the Agreement. The trailers transported by Werner drivers were owned by defendant and were loaded at defendant's warehouse with defendant's merchandise. Werner drivers transported defendant's property from defendant's warehouse to Dollar General stores. The unloading of merchandise at Dollar General stores was done frequently to keep the shelves stocked. Deliveries to the New Madrid, Missouri store came on a regular basis each week. Dollar General store employees assisted drivers in unloading merchandise from trucks. See Def's Ex. C, Affidavit of Purity Chism ¶ 3. If Werner drivers did not assist Dollar General employees in unloading merchandise, defendant would have required that its own employees perform this task. Thus, the performance of plaintiff's "routine, frequent, and regular contractual duties is within the usual

business of [defendant] and falls under the coverage of the Act." Bass, 911 S.W.2d at 618.

Plaintiff was, at the time of the incident, a statutory employee of defendant. As such, adjudication of this matter lies within the exclusive jurisdiction of the Labor and Industrial Relations Commission as provided in the Missouri Workers' Compensation Act. Thus, this court lacks subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Dolgencorp, Inc.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. No. 24) be and it is **granted**.

**IT IS FURTHER ORDERED** that plaintiff's Petition be and it is **dismissed for lack of subject matter jurisdiction.**

Dated this   2nd   day of June, 2009.

LEWIS M. BLANTON  
UNITED STATES MAGISTRATE JUDGE